UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| XIE DING CHEN, | ) | CASE NO. 1:20-cv-7 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| WILLIAM T. BARR, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

Before the Court is the Report and Recommendation (Doc. No. 9 ["R&R"]) of Magistrate Judge Carmen E. Henderson recommending that the petition for habeas corpus be granted and this matter be remanded to the Detroit Immigration Court for an Immigration Judge to administer an individualized bond hearing within 21 days or release petitioner from custody. Respondents[1] filed objections (Doc. No. 11 ["Obj."]), and petitioner filed a reply to the objections (Doc. No. 12 ["Reply"]). Pursuant to Fed. R. Civ. P. 72(b)(3), the Court has conducted its de novo review of the matters properly raised in the objections. For the reasons discussed herein, the R&R is rejected and this matter is recommitted, with instructions, to the Magistrate Judge for further proceedings and an additional R&R.

---

[1] There are several named respondents but, for purposes of habeas petitions in the immigration context, "the INS District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners." *Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003) (citation omitted). Rebecca Adducci, as the ICE Detroit District Director, is the only proper respondent in this case. All other named respondents are dismissed, including Geauga County Sheriff, Scott A. Hildenbrand, who has filed a motion to dismiss (*see* Doc. No. 6), which the Clerk is directed to terminate.

I.	**Factual and Procedural Background**

Petitioner Xie Ding Chen ("Chen" or "petitioner") is a native and citizen of the People's Republic of China, having been born there on April 15, 1976. (Doc. No. 1, Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ["Pet."], ¶ 13.) Chen came to the United States in February 2000 near Long Beach, California as a stowaway and has not departed since his arrival. (*Id.*) On February 22, 2000, the Department of Homeland Security ("DHS") (then known as the Immigration and Naturalization Service ("INS")) issued an I-863, Notice of Referral to the Immigration Judge ("IJ"), declaring that Chen had arrived as a stowaway and had requested asylum and/or withholding of removal under the Convention Against Torture ("CAT"). (*Id.* ¶ 14.)

On April 7, 2000, at a Master Calendar Hearing, Chen admitted the sole charge against him and filed for asylum, withholding of removal, and protection under CAT. (*Id.* ¶ 15.) On June 13, 2002, at an Individual Hearing where he was represented by counsel, Chen withdrew his application for asylum and withholding of removal and pursued only his CAT claim. (*Id.* ¶ 16.) The Immigration Court proceeded on the merits and, at the conclusion of the hearing, the IJ ordered Chen removed to China, finding that he had knowingly and voluntarily withdrawn his asylum and withholding claims and that he was not entitled to protection under CAT. (*Id.* ¶¶ 16–17.) On June 17, 2002, Chen filed a notice of appeal. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision on October 2, 2003 (*id.* ¶ 18), making the IJ's decision final. No further action was taken to remove Chen at that time.

In 2009, Chen and his family moved to Ohio and opened a restaurant in Avon Lake. (*Id.* ¶ 19.) Ten years later (and almost sixteen years after his removal order became final), on February 5, 2019, Chen was detained by Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 20.) On February 21, 2019, Chen filed with the BIA a motion to reopen his case, seeking allowance to

apply for asylum, withholding of removal, and CAT protection based on changed country conditions. (*Id*. ¶ 21.) The BIA immediately stayed Chen's removal pending resolution of the motion to reopen (*id*. ¶ 22), which has yet to occur.

Through counsel, Chen requested release from ICE custody. On April 26, 2019, ICE issued a Decision to Continue Detention, finding that Chen was a flight risk despite his substantial ties to the community and despite the BIA's order staying removal. (*Id*. ¶ 24.)

In his petition, Chen alleges that his continued detention is unreasonable and violates due process. He seeks an order directing respondent to release him or provide him with an individualized bond hearing before an IJ.

## II. Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at * 1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge …[,] receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

**III. Analysis**

    **A. The R&R**

The R&R states as follows:

> Chen's petition—and the [r]espondents' opposition to it—turns on whether the BIA's March 2019 stay altered the administrative finality of his removal order. If it did not, then there is an administratively final removal order for Chen under Section 1231. In that case, ICE could continue to detain him beyond the 90-day removal period under 8 U.S.C. § 1231(a)(6), since it has determined that Chen is a risk to the community or unlikely to comply with the order of removal. (ECF No. 1 at 5, ¶ 24). But if the stay altered Chen's removal order from administratively final to not administratively final, then ICE cannot lawfully detain him under Section 1231. Rather, it may lawfully detain Chen only under Section 1226(a) while the stay is in effect.

(R&R at 85.[2]) The R&R ultimately concludes that the BIA stay rendered Chen's removal order no longer administratively final. Therefore, according to the R&R, while the BIA stay is in effect, ICE cannot lawfully detain Chen under § 1231. (*Id.* at 88.) Instead, ICE may only detain Chen under § 1226, which, in turn, entitles him to a bond hearing. (*Id.*)[3]

The R&R recommends granting Chen's habeas petition and remanding the matter to the Detroit Immigration Court so that, within 21 days, either an IJ conducts an individualized bond hearing or ICE releases Chen from custody. (*Id.* at 90.)

    **B. The Parties' Positions**

Respondent objects to the R&R's findings and conclusion, asserting that Chen is properly detained under § 1231, that he is not entitled to a bond hearing, and that he is likely to be removed

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] Although there appear to have been several orders issued in Chen's immigration case, as well as hearings conducted, neither party (and, most notably, the respondent) has submitted any copies of orders (except the BIA stay order [Doc. No. 1-1]) and/or transcripts in support of the various factual assertions in the briefing. The Court assumes an administrative record was made and should have been supplied, notwithstanding respondent's passing mention in a footnote that "no transcripts of prior *court* actions are available." (Doc. No. 8, Return at 68 n. 2.)

in the reasonably foreseeable future. (Obj. at 93, 96.) In particular, respondent objects to the finding that the BIA stay caused Chen's removal order to revert to non-final status. (*Id*. at 94.) Respondent argues that the removal order remains final despite the stay because Chen is in withholding-only proceedings. (*Id*.)

Respondent relies upon a recent Sixth Circuit case for its conclusion that, under these circumstances, § 1231 applies, not § 1226. In *Martinez v. LaRose*, 968 F.3d 555, 563 (6th Cir. 2020), the Sixth Circuit found that Martinez was in withholding-only proceedings because his prior removal order had been reinstated when he illegally re-entered the United States. As a result, § 1231(a), not § 1226, provides the authority for his detention. Respondent asserts that stowaways such as Chen are similar to aliens with reinstated removal orders in that neither can challenge those removal orders. (Obj. at 96.) According to respondent, under *Martinez*, Chen is properly detained pursuant to § 1231(a) and is therefore not entitled to release or to an individualized bond hearing. (*Id*. at 97.)

Respondent further argues that an alien such as Chen who is detained under § 1231(a) is not entitled to release from custody unless he shows that there is no significant likelihood of his removal in the foreseeable future. (*Id*., citing *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).) Respondent cites to the declaration attached to the return of writ, which establishes that ICE is in possession of a passport for Chen that is valid until October 16, 2023. (Doc. No. 8-1, Declaration of Scott A. Wichrowski ["Wichrowski Decl."], ¶ 17.)[4] Respondent asserts that, but for the BIA stay, Chen would have been removed from the United

---

[4] Wichrowski is a Deportation Officer with the Cleveland Sub-Office of Enforcement and Removal Operations ("ERO"). (Wichrowski Decl. ¶ 1.)

States on or about March 8, 2019, and that once his motion to reopen is resolved, ICE will proceed with Chen's removal as promptly as possible. (*Id.* ¶¶ 18, 20.)

In reply, Chen argues that the *Martinez* case is distinguishable. Chen claims that, despite entering as a stowaway, he was not placed in withholding-only proceedings because he was found to have a credible fear of persecution and applied for asylum. (Reply at 100, citing 8 U.S.C. § 1225(a)(2).) A removal order was issued only after an IJ denied his asylum application. (*Id.*) That removal order was stayed by the BIA and Chen cannot be removed unless the motion to reopen his asylum application is denied. (*Id.*)

**C. Analysis**

An alien who arrives in the United States as a stowaway "is not eligible to apply for admission or to be admitted and shall be ordered removed upon inspection by an immigration officer." 8 U.S.C. § 1225(a)(2). After appropriate administrative and judicial proceedings, Chen's removal order became final on October 13, 2004. However, for reasons that are not clear from the record, Chen was not detained until February 5, 2019, and he has been detained ever since. His motion to reopen his asylum application, filed on or about February 21, 2019, remains pending.

There are two basic categories of civil detention of aliens: pre-removal-order detention, governed by 8 U.S.C. § 1226, and post-removal-order detention, governed by 8 U.S.C. § 1231. The recommendation of the magistrate judge is based entirely on a conclusion that, due to the discretionary stay of removal granted by the BIA pending its decision as to whether to grant Chen's motion to reopen his asylum application, the removal order is no longer administratively final, with the effect that Chen's status reverts to pre-removal-order, which is governed by § 1226 and entitles Chen to a bond hearing. The R&R analogizes the *administrative* stay pending resolution of Chen's motion to reopen to a *judicial* stay under 8 U.S.C. § 1231(a)(1)(B)(ii). (R&R at 86–87,

6

citing *Cuello v. Adducci*, No. 10-13641, 2010 WL 4226688, at *2 (E.D. Mich. Oct. 21, 2010); *Bejjani v. I.N.S.*, 271 F.3d 670, 689 (6th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S. Ct. 2422, 165 L. Ed. 2d 323 (2006)).

This Court concludes that the R&R is incorrect. There is nothing in the statute to suggest that an administrative stay pending a motion to reopen affects the finality of a removal order.[5] In fact, the Sixth Circuit has recently addressed the administrative finality of removal orders where, as here, an alien ordered removed expressed fear of persecution or torture in the country to which he would be removed. The Sixth Circuit, agreeing with the Third and Ninth Circuits, determined that, under such circumstances, the issue "is one of eligible locations for removal, not removability itself." *Martinez*, 968 F.3d at 560 (citing favorably *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 216 (3rd Cir. 2018) and *Padilla-Ramirez v. Bible*, 882 F.3d 826, 832 (9th Cir. 2017)).

There is no support for the R&R's conclusion that the BIA's stay of Chen's removal pending its resolution of his motion to reopen based on changed country conditions eliminated the finality of his removal order and effectively returned him to the pre-removal-order status governed by 8 U.S.C. § 1226.

Under § 1231, once an alien is ordered removed, the government "shall detain the alien." 8 U.S.C. § 1231(a)(2). Here, Chen was not immediately detained; in fact, it took almost 16 years

---

[5] Under § 1231, aliens who have been ordered removed "*shall* [be removed] . . . within a period of 90 days . . . referred to as the 'removal period'[]." 8 U.S.C. § 1231(a)(1)(A) (emphasis added). The removal period begins on the latest of three events: the date the removal order becomes *administratively* final; the date of a final *court* order in a case where an alien sought *judicial* review and the *court* ordered a stay of removal; or, the date that a detained alien is released from detention or confinement. § 1231(a)(1)(B). By its plain language, only a judicial stay or the detention of an alien delays the running of the removal period; administrative stays have no such delaying effect. And, notably, no stay has the effect of vacating a removal order. *See Jamal v. Sessions*, No. 5:18–cv–6015, 2018 WL 1440609, at *2 (W.D. Mo. Mar. 22, 2018) ("Because, here, Petitioner's case is not being judicially reviewed and is not subject to a court-ordered stay, but rather is subject to an administrative stay on collateral appeal, the Court declines to find that Petitioner's 'removal period' has not started under section 1231(a)(1)(B)(ii).").

before he was taken into custody and scheduled for removal. That removal was stayed by the BIA upon his motion to reopen his asylum application and Chen's detention has been continued "beyond the removal period" apparently because he was "determined . . . to be a risk to the community or unlikely to comply with the order of removal[.]" 8 U.S.C. § 1231(a)(6). According to his petition, Chen was determined to be a flight risk. (Pet. ¶ 24.)[6]

Although this Court rejects the R&R's conclusion that Chen is entitled to a bond hearing under 8 U.S.C. § 1226 and finds instead that Chen is being detained under 8 U.S.C. § 1231, that does not end the analysis. The Supreme Court has held that the Due Process Clause of the Constitution permits continuing detention of an alien subject to removal only as long as "reasonably necessary" to effectuate that removal. *Zadvydas*, 533 U.S. at 689; *Clark v. Martinez*, 543 U.S. 371, 379, 125 S. Ct. 716, 160 L. Ed. 2d 734 (2005) (*Zadvydas*' "reasonably necessary" standard "applies without differentiation to all three categories of aliens that are its subject[,]" which includes those deemed to be a flight risk). A period of six months is a "presumptively reasonable period of detention." *Zadvydas*, 533 U.S. at 701.

Chen has been detained since February 5, 2019 (that is, eleven months as of the time of the filing of his petition and twenty-one months in all). The question is, therefore, whether that detention is "reasonably necessary." The record currently before the Court does not supply sufficient information for the Court to make that determination. Therefore, the matter is recommitted to the Magistrate Judge for further proceedings and for an additional R&R on that issue.

---

[6] Since no administrative record has been supplied, the Court is unable to confirm this allegation, but takes it as true because it is in the petition.

**IV.     Conclusion**

Having conducted its de novo review of the objections to the R&R, the Court hereby rejects the R&R's conclusion that Chen's removal order is not administratively final. However, the question remains whether Chen's continued detention is reasonably necessary to effectuate his removal. Therefore, pursuant to 28 U.S.C. § 636(b)(1), this Court recommits the matter to Magistrate Judge Henderson for an additional Report and Recommendation.

**IT IS SO ORDERED**.

Dated: November 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**